**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-00198 VAP (SPx)                              Date:  March 29, 2012

Title:     CENTRAL MORTGAGE CO. -v- ELISEO LOPEZ, et al.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                         None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                             DEFENDANTS:

    None                                                          None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO, DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DOC. NO. 9), AND VACATING APRIL 16, 2012 HEARING  (IN CHAMBERS)

    On February 8, 2012, alleging that this Court has both federal question and diversity jurisdiction over the instant case, Defendant Eliseo Lopez removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of San Bernardino.  For the following reasons, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

EDCV 12-00198 VAP (SPx)
CENTRAL MORTGAGE CO. v. ELISEO LOPEZ, et al.
MINUTE ORDER of March 29, 2012

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendant alleges one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331.  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question pled in a complaint, there is no federal question jurisdiction.

     Likewise, the face of the Complaint indicates that the amount in controversy is under $10,000, well below the $75,000 required by 28 U.S.C. § 1332 to establish the Court's diversity jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

     As the Court remands this matter sua sponte, Plaintiff's Motion to Remand (Doc. No. 9) is DENIED AS MOOT and the April 16, 2012, hearing on the Motion is VACATED.  In any event, Plaintiff's Motion appears never to have been served properly on Defendant; Plaintiff filed a Proof of Service (Doc. No. 13) indicating it sent its filings to Defendant via United Parcel Service.  United Parcel Service ("UPS") is not an appropriate means of service unless the party being served consents to service by UPS.  See Fed. R. Civ. P. 5(b)(2)(F).

**EDCV 12-00198 VAP (SPx)**
**CENTRAL MORTGAGE CO. v. ELISEO LOPEZ, et al.**
**MINUTE ORDER of March 29, 2012**

Nevertheless, Plaintiff's Motion (and the Court's records) indicate that Defendant removed this action once previously, and appears to be abusing the removal procedure to interfere with ongoing proceedings in the superior court. Defendant is advised that any future unwarranted removal of this action will result in the imposition of monetary sanctions, including payment of Plaintiff's attorneys' fees expended in seeking remand.

**IT IS SO ORDERED.**